UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Marie Yvenante Napoleon,

                            Petitioner,

        -against-

Ur Mendoza Jaddou, Director, USCIS; Thomas
Cioppa, Acting District Director, New York District,
USCIS; Merrick Garland, Attorney General of the
United States,

                            Respondents.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**
21-CV-06136 (DG)

DIANE GUJARATI, United States District Judge:

On November 3, 2021, Petitioner Marie Yvenante Napoleon filed a Petition for a Writ of Mandamus (the "Petition") pursuant to the Mandamus Act, 28 U.S.C. § 1361, against Respondents in their official capacities. *See generally* Petition ("Pet."), ECF No. 1.[1] Petitioner seeks a writ of mandamus directing Respondent Merrick Garland, Attorney General of the United States, to amend the date of birth on Petitioner's Certificate of Naturalization to reflect a date of birth of September 7, 1953 – which Petitioner alleges is her correct date of birth – rather than September 7, 1958. *See* Pet. ¶ 1, 14; *see also* Pet. at 6 (requesting "[t]hat the Court compel the Respondents and those acting under them to amend the date of birth on the Certificate of Naturalization to September 7, 1953").[2] Petitioner brings this action following the denial by U.S. Citizenship and Immigration Services ("USCIS") of multiple applications to amend her Certificate of Naturalization. *See generally* Pet.; Pet. Exhibit ("Ex.") E, ECF No. 1-7.

---

[1] Rule 25(d) of the Federal Rules of Civil Procedure applies such that Respondent Cioppa's successor is "automatically substituted as a party." *See* Fed. R. Civ. P. 25(d).

[2] In the alternative, Petitioner seeks a declaratory judgment directing Respondent Garland to amend her Certificate of Naturalization "to reflect her correct date of birth." *See* Pet. ¶ 1.

Pending before the Court is Respondents' Motion to Dismiss the Petition, brought pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (the "Motion to Dismiss"). *See* Notice of Motion, ECF No. 18-1; *see also* Memorandum of Law in Support of Motion to Dismiss ("Resp. Br."), ECF No. 18-2; Reply Memorandum of Law in Further Support of Motion to Dismiss, ECF No. 20.³ Petitioner opposes Respondents' motion. *See* Petitioner's Memorandum of Law in Opposition to Motion to Dismiss ("Pet. Br."), ECF No. 19-1.

Because, as set forth below, Petitioner has failed to satisfy her burden of establishing that the Court possesses subject matter jurisdiction, Respondents' Motion to Dismiss is granted and the Petition is dismissed without prejudice.

## BACKGROUND

### I. Factual Background

Petitioner alleges that she was born in Haiti on September 7, 1953. *See* Pet. ¶ 10. Petitioner alleges that she arrived in the United States in 1976 and applied for naturalization by 1989. *See* Pet. ¶ 11. Petitioner alleges that one of her friends – not identified in the Petition – "assisted her with filling the Application form for Naturalization on her behalf and erroneously wrote her date of birth as September 7, 1958, rather than September 7, 1953." *See* Pet. ¶ 11. Petitioner further alleges that she "failed to detect the error both at the time of submitting her application and at the oath ceremony." *See* Pet. ¶ 12. Petitioner alleges that she received a Certificate of Naturalization from "the Brooklyn Eastern District Court" on December 1, 1989. *See* Pet. ¶ 13.⁴

---

³ In their briefing, Respondents specifically reference Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Resp. Br. at 9-11.

⁴ As the parties note, prior to the passage of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, courts, rather than the executive branch, had the authority to issue Certificates

Petitioner alleges that, "[s]hortly after the naturalization ceremony," she noticed that the Certificate of Naturalization listed her date of birth as September 7, 1958 rather than September 7, 1953.  *See* Pet. ¶ 14.  Petitioner alleges that "[a]t that time, she went to the proper authority to get her date of birth changed" and was asked to pay $60 for the correction.  *See* Pet. ¶ 15. Petitioner alleges that she "did not have such amount of money at that period of time" and believed that she could "conveniently correct the error when she had enough finances to make the payment."  *See* Pet. ¶ 15.

In 2013, 2014, 2015, 2019, and 2020, Petitioner filed applications ("Forms N-565") with USCIS to amend the date of birth on her Certificate of Naturalization.  *See* Pet. ¶ 16; Pet. Ex. E. USCIS denied each of these applications, citing 8 C.F.R. § 338.5(e).  *See* Pet. ¶ 16; Pet. Ex. E.

## II.     Procedural Background

On November 3, 2021, Petitioner filed the Petition.  *See* Pet.  On March 4, 2022, Respondents filed a letter motion seeking a pre-motion conference in anticipation of filing a motion to dismiss.  *See* ECF No. 9.  On April 22, 2022, Petitioner filed a letter in opposition to Respondents' March 4, 2022 letter motion.  *See* ECF No. 12; *see also* ECF No. 13.  By Order dated May 31, 2022, the Court, having reviewed the parties' letters and having determined that a pre-motion conference was not necessary, denied Respondents' motion for a pre-motion conference and set a motion to dismiss briefing schedule.  *See* May 31, 2022 Order.

On September 16, 2022, Respondents filed the Motion to Dismiss.  In support of their motion, Respondents argue that the Petition should be dismissed because Petitioner cannot establish that Respondents have a plainly defined and peremptory duty to amend the date of birth on Plaintiff's Certificate of Naturalization or that Petitioner has a clear right to the relief sought,

---

of Naturalization.  *See* Pet. Br. at 5-6; Resp. Br. at 5.

both of which are necessary to establish jurisdiction and a claim under 28 U.S.C. § 1361. *See* Resp. Br. at 11-14. Respondents point to 8 C.F.R. § 338.5(e), *see* Resp. Br. at 13, and also note that "mandamus may not be used to compel USCIS to issue a favorable decision, merely *a* decision, and that decision, Petitioner herself acknowledges . . . has already been rendered," *see* Resp. Br. at 13 (referencing Pet. ¶ 17 and collecting cases). Respondents further argue that if the Court were to construe the Petition as including an invitation to exercise jurisdiction on grounds other than 28 U.S.C. § 1361 to amend Petitioner's Certificate of Naturalization, the Court should decline to amend because granting Petitioner's request to amend "would in effect condone false, sworn averments both in this action and in the naturalization application." *See* Resp. Br. at 15-17.[5] In opposing the Motion to Dismiss, Petitioner argues that she is entitled to relief under 28 U.S.C. § 1361 because she has sufficiently shown that the date of birth on her Certificate of Naturalization is incorrect and that September 7, 1953 is her correct date of birth, that there is no other remedy available, and that she is acting in good faith and not for any fraudulent gain. *See generally* Pet. Br.

## DISCUSSION

For the reasons set forth below, the Court determines that it lacks subject matter jurisdiction over this action and therefore dismisses the Petition without prejudice.

**I.     Applicable Law**

    **A.     Dismissal for Lack of Subject Matter Jurisdiction**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "A plaintiff

---

[5] The Court does not so construe the Petition. *See* Pet. ¶ 2.

4

asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*; *see Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005); *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) ("The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." (quotation omitted)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

When a court is faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the court "must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Pressley v. City of N.Y.*, No. 11-CV-03234, 2013 WL 145747, at *5 (E.D.N.Y. Jan. 14, 2013) (quotation omitted); *see also United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993).

B.      The Mandamus Act, 28 U.S.C. § 1361

The Mandamus Act, 28 U.S.C. § 1361, provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To establish jurisdiction under 28 U.S.C. § 1361, a plaintiff "must show (1) a clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of defendants to do the act in question; and (3) that there is no other adequate remedy available." *Alharbi v. Miller*, 368 F. Supp. 3d 527, 553 (E.D.N.Y. 2019) (quotation omitted), *aff'd in part and appeal dismissed in part*, 829 F. App'x 570 (2d Cir. 2020); *see also Lovallo v. Froehlke*, 468 F.2d 340, 343 (2d Cir. 1972). "A district court's jurisdiction under the mandamus statute is limited to actions 'seeking to compel the performance of a nondiscretionary duty.'" *Rahman v. Jaddou*, No. 22-101, 2022 WL

5

6593589, at *2 (2d Cir. Oct. 11, 2022) (quoting *Duamutef v. INS*, 386 F.3d 172, 180 (2d Cir. 2004)).  It is well established that mandamus is an extraordinary remedy.  *See, e.g.*, *Saleh v. Pastore*, No. 21-1073, 2021 WL 4978574, at *2 (2d Cir. Oct. 27, 2021); *Escaler v. U.S. Citizenship & Immigr. Servs.*, 582 F.3d 288, 292 (2d Cir. 2009).

C. **8 C.F.R. § 338.5**

8 C.F.R. § 338.5 provides for the correction of a Certificate of Naturalization.  Specifically, 8 C.F.R. § 338.5(a) provides: "Whenever a Certificate of Naturalization has been delivered which does not conform to the facts shown on the application for naturalization, or a clerical error was made in preparing the certificate, an application for issuance of a corrected certificate may be filed . . . ."  8 C.F.R. § 338.5(b) in relevant part provides: "If the certificate was originally issued by a clerk of court under a prior statute and USCIS finds that a correction is justified and can be made without mutilating the certificate, USCIS will authorize the issuing court to make the necessary correction . . . ."  8 C.F.R. § 338.5(e) provides:

> The correction will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization.

In light of 8 C.F.R. § 338.5(e), courts have held that USCIS does not have a duty to correct a Certificate of Naturalization where the Certificate of Naturalization reflects an allegedly incorrect date of birth where that date of birth was provided by the applicant on the naturalization application.  *See, e.g.*, *Rahman*, 2022 WL 6593589, at *2 (noting that "Rahman does not dispute that the birthday he listed on his application for naturalization" was the same allegedly incorrect date of birth as that on his Certificate of Naturalization and concluding that "[i]n light of § 338.5(e), there is no non-discretionary duty the court can compel USCIS to undertake, and

6

mandamus relief is not available based on § 338.5"); *Jahan v. Houghton*, 578 F. Supp. 3d 362, 370 (E.D.N.Y. 2022).

## II. The Court Lacks Subject Matter Jurisdiction

Petitioner has failed to satisfy her burden of establishing that the Court possesses subject matter jurisdiction. Petitioner seeks "a Writ of Mandamus directing Respondent Merrick Garland, Attorney General of the United States[,] to amend the date of birth on the Petitioner's Certificate of Naturalization" and asserts that "[t]his court has subject matter jurisdiction over this action pursuant to the Mandamus Act, 28 U.S.C. § 1361." *See* Pet. ¶ 1-2. However, Petitioner has not established that she has a "clear right to the relief sought" or that Respondents have "a plainly defined and peremptory duty" to make the amendment she seeks. *See Alharbi*, 368 F. Supp. 3d at 553.

Petitioner acknowledges that the date of birth on her Certificate of Naturalization does in fact "conform to the facts shown on the application for naturalization," and Petitioner has not demonstrated that any "clerical error was made *in preparing the certificate*," *see* 8 C.F.R. § 338.5(a) (emphasis added); *see generally* Pet. Further, 8 C.F.R. § 338.5(b) applies here because Petitioner's Certificate of Naturalization "was originally issued by a clerk of court under a prior statute." *See* 8 C.F.R. § 338.5(b). However, Petitioner is a naturalized person who alleges, after her naturalization, that the date of birth that she stated to be her correct date of birth at the time of naturalization – *i.e.*, the date of birth she listed on her naturalization application – was not in fact her date of birth at the time of the naturalization. *See* Pet. ¶ 11, 14. Therefore, the correction Petitioner seeks is *precisely* the type of correction that "will not be deemed to be justified" by USCIS, pursuant to 8 C.F.R. § 338.5(e). Here, "there is no non-discretionary duty the court can compel USCIS to undertake." *See Rahman*, 2022 WL 6593589, at *2.

7

Petitioner has failed to demonstrate that the Court has subject matter jurisdiction over this action brought pursuant to 28 U.S.C. § 1361. Accordingly, the Petition must be dismissed, without prejudice, for lack of subject matter jurisdiction. *See He v. Off. of N.Y.C. Comptroller*, 833 F. App'x 921, 921 (2d Cir. 2021) (noting that, "[w]hen a court lacks subject-matter jurisdiction over an action, it must dismiss the case, and must do so without prejudice to the plaintiff") (citing *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017)).[6]

## CONCLUSION

For the reasons set forth above, Respondents' Motion to Dismiss, ECF No. 18-1, is GRANTED and the Petition, ECF No. 1, is dismissed without prejudice. The Clerk of Court is directed to enter judgment accordingly and to close the case.

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated: August 17, 2023
Brooklyn, New York

---

[6] Petitioner's request for a declaratory judgment, *see* Pet. ¶ 1, does not serve to confer subject matter jurisdiction on the Court. *See Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) (noting that "the Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts"); *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 95 (2d Cir. 2011) (noting that "[t]he Declaratory Judgment Act does not expand the subject matter jurisdiction of the federal courts"), *aff'd*, 568 U.S. 85 (2013); 28 U.S.C. § 2201(a) (providing that a court can issue a declaratory judgment "[i]n a case of actual controversy within its jurisdiction").